HORTON v. AMBROSEN ET AL.

1. **Fraud and Duress**: EVIDENCE. Upon consideration of the evidence, (not set out in the opinion,) *held* that the fraud and duress pleaded as a defense to the note and mortgage in suit were not established.

2. **Practice in Supreme Court**: CONFLICT OF ABSTRACTS: WHEN DISREGARDED. When a cause must be affirmed on such portions of the abstract as are not denied, the court has no occasion to resort to the transcript to settle disputed points in the record.

*Appeal from Winnebago Circuit Court.*

FRIDAY, OCTOBER 23.

ACTION in chancery to foreclose a mortgage. There was a decree in the court below granting the relief prayed for in the petition. Defendants appeal.

*Ransom &.Olmsted* and *H. Wilber*, for appellants.

*Pickering, Hartley & Harwood*, for appellee.

BECK, CH. J.—I. Various facts are pleaded as defenses, as that the note and mortgage in suit were procured by fraud and duress; that defendants had purchased the land mortgaged of plaintiff and received a deed therefor, and had given notes and a mortgage upon which they made certain payments; that this

deed was obtained by plaintiff from them by fraud; and that, through the fraud and threats of plaintiff, defendants were induced to execute the note and mortgage in suit for a greater amount than was due for the purchase of the land, which was secured by the first mortgage. The case is hardly presented to us with sufficient clearness, but it is obvious that the points relied upon by defendants' counsel involve the invalidity of the note and mortgage by reason of fraud and duress, and the amount due thereon, which they insist is reduced by certain payments not allowed and credited upon the debt.

II.   There is no doubtful question of law in the case; it turns wholly upon the facts.   It is not our custom to discuss 1. FRAUD: and the evidence in such cases, but to simply state our duress: evidence.   conclusions thereon.   We do not think the evidence sustains defendants' position that the mortgage is void for fraud and duress inducing its execution.   The deed of the land executed by plaintiff to defendants may have been improperly and wrongfully obtained and held by plaintiff. But we do not discover what bearing that act could have had inducing defendants to execute the note and mortgage in suit, which were made upon a settlement of the amount due plaintiff for the land.   This settlement is not shown to have been procured by fraud or misrepresentations, and, considering the whole evidence, we are not prepared to say that it did not result in justly determining the amount due plaintiff. That amount, as fixed by the settlement and the mortgage, was for a long time acquiesced in by defendants, and recognized by an accounting, and by payments upon the mortgage. We are unable to say from the evidence that defendants have not been credited for all sums they have paid upon the debt.

III.   Plaintiff files an amended abstract which in some particulars is not admitted to be correct by defendants.   We 2. PRACTICE have found it unnecessary to go to the record, for in supreme court: conflict of abstracts: when disregarded. the reason that we decide the case upon the abstract of defendants, and those portions of plaintiff's abstract which are not denied.   Some

provisions of the decree are not brought in question. They need not be otherwise referred to here.

The decree of the circuit court will be affirmed as it stands, and a *procedendo* to that effect will be issued to the court below.

AFFIRMED.